No. 46,467

ALVIN THURMAN, *Appellee*, v. NOMAD TRAVEL TRAILERS and SKYLINE CORPORATION, *Appellants*.

(496 P. 2d 1348)

Opinion filed May 6, 1972.

*James R. Goheen, of* McAnany, Van Cleave and Phillips, of Kansas City, Kansas, argued the cause, and *James J. Lysaught,* of the same firm, was on the brief for the appellants.

*Charles D. Kugler,* of Carson, Mahoney and Fields, of Kansas City, Kansas, argued the cause and was on the brief for the appellee.

*Per Curiam:* Plaintiff sued for breach of warranty of merchantability of a $3250 travel trailer manufactured and sold by the defendants. A jury returned a verdict for plaintiff, and defendants appeal.

Plaintiff purchased the trailer on March 4, 1968. When he first pulled it some three or four weeks later he discovered it wouldn't trail properly and was unmanageable at speeds over 25-30 miles per hour. It developed that the trailer's axle was out of line. Negotiations for repair were not fruitful and on August 23, 1968, plaintiff instituted this suit. He alleged that he had returned the trailer to defendants and that, although given an opportunity to do so, they had refused to either repair or replace it. The result, he pleaded, was their unjust enrichment in the amount of the purchase price, and his consequential damage by way of interest, taxes and fees.

On August 31, 1968, the repair facility to which defendants had referred him finally examined the trailer, ascertained the problem, and within two weeks thereafter had completed repairs.

The record does not include any pre-trial order nor does it contain any of the instructions from which we can deduce the theories presented to the jury. (For that matter, neither does it contain the verdict or the judgment appealed from. See Rule No. 6 [g].) We therefore assume the case was submitted with appropriate instructions, particularly on the measure of damages. Defendants

concede a breach of warranty, and quarrel only with the damages awarded for the breach.

The jury might well have found from plaintiff's evidence that defendants were given, and refused to exercise, a reasonable opportunity to repair. Their liability thereupon became fixed. Cf., *Allen v. Brown,* 181 Kan. 301, 310 P. 2d 923; *Steele v. J. I. Case Co.,* 197 Kan. 554, 419 P. 2d 902. They might also have found that in the absence of such repairs the trailer had little or no value for the purpose for which it was manfactured and sold. Cf., *Oliver Farm Equipment Co. v. Rich,* 134 Kan. 23, 4 P. 2d 465. We are advised that the verdict was for less than the full purchase price, rendering inapplicable *Fox v. McKay Motor Co.,* 188 Kan. 756, 366 P. 2d 297. Assessment of the amount of damages was for the jury. *Allen v. Brown,* supra.

Defendants have failed to demonstrate error, and the judgment is affirmed.